Tucker, Richard T., J.
This civil action arises out of plaintiff Edward Waszazak’s (Waszazak) injury result- *643 tag from a fall from a ladder in a garage owned by the defendant, John Pauplis (Pauplis). Waszazak, at the time of the injury, was a tenant of Pauplis. Waszazak alleges that defendant John Pauplis is responsible for the plaintiffs elbow injury sustained in the fall from a ladder.
Waszazak filed a complaint asserting negligence in the maintenance of property claiming that Pauplis failed to maintain the ladder in question. Waszazak alleges that Pauplis failed to warn him of any ladder defects when Pauplis asked him to retrieve items for return to a former tenant. Waszazak alleges that the rubber friction feet on the base of the ladder are smooth and defective and that negligent maintenance by Pauplis resulted in his injury.
BACKGROUND
John Pauplis owns and manages the premises at 68 Hill Street in Leominster, MA. Waszazak rented the premises of 68 Hill Street in the fall of 2004. During his tenancy, Waszazak on several occasions used an eight-foot aluminum extension ladder that was stored in a shed on the property. Sometime during Waszazak’s tenancy, Pauplis requested that Waszazak personally retrieve items for a former tenant if he should return to the premises looking for his property. Pauplis was concerned about the former tenant tearing lighting fixtures from the walls.
On February 18, 2006, the former tenant arrived and asked Waszazak to retrieve several items; some of those items were in the “loft” of the garage of the premises. Waszazak used the eight-foot aluminum extension ladder to climb into and retrieve items from the loft. On a third or fourth trip on the ladder, the ladder fell and Waszazak sustained a serious injury to his left elbow. Waszazak intended to carry an outdoor chair down the ladder at the time of the incident and was apparently reaching sideways for the item, when the ladder “kicked out.”
APPLICABLE STANDARDS
Summary judgment shall be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Corrections, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, 404 Mass. at 17. “(T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
DISCUSSION
In order to sustain a claim for negligent maintenance of property, Waszazak must affirmatively prove that the ladder was in the control of Pauplis, that the ladder is defective and that Pauplis knew or should have known of the defect and subsequently breached a duty to warn Waszazak of it. Additionally, to prevail on a negligence theory, the plaintiff must show that the breach of the duty of care, or defect to the ladder in this case, proximately caused his injury. Davis v. Westwood Group, 420 Mass. 739, 742 (1995). Evidence must also be forthcoming of the link between the negligence and the causation of injury. Lieberman v. Powers, 70 Mass.App.Ct. 238, 242-43 (2007).
In this case the plaintiff alleges that though not observable in photographs, the rubber friction feet on the bottom of the extension ladder are worn and smooth to the touch. Assuming the facts in the light most favorable to the plaintiff, at the very least since the supposed flaw is not readily apparent, the ladder would need to be viewed in use upon a surface in order to demonstrate the defect. As was stated in Gauld v. John Hancock Mut Life Ins. Co., 329 Mass. 724, 727 (1953), “... the ladder itself does not suffice to establish that there was a defect... which would have been discoverable upon reasonable examination.” Simply alleging that the feet are “smooth” is not sufficient to establish the existence of a defect. See Winer v. Boston & M.R.R., 336 Mass. 757 (1957) (holding that a step that was said to be worn shiny and smooth could not stand alone as sufficient evidence of defective condition); Grace v. Boston Elevated Ry., 322 Mass. 224, 227 (1948) (holding that testimony of a smooth walking surface was not evidence of a defect); see also Foley v. Boston & M.R.R., 193 Mass. 332, 335 (1907) (noting that mere declamatory words unaccompanied by evidence are of no assistance in determining the character of the defect). Additional evidence is necessary to prove the existence of a defect, beyond the bare assertion that the friction feet are smooth. Here there is a complete absence of such evidence, expert or otherwise. Furthermore, this being an alleged defect that would not be discoverable upon inspection of the ladder by itself, it is difficult to say that this defect could have been known or readily discovered by Pauplis, and furthermore that any duty to warn Waszazak of this defect existed.
Assuming that the friction feet were smooth as the plaintiff alleges and that such a smoothness constitutes a defect, there is a complete void of evidence that *644 establishes the fall was proximately caused by the defect. In his own deposition Waszazak, when asked if he knew why the ladder slipped out, responded, “I do not know.” See Waszazak dep. at 61-64. Waszazak goes on to say that in fact he would describe the ladder slipping as an “act of god.” Id. Additionally in the deposition of Michael Keddie, the only witness to the accident other than the defendant, Keddie stated that he also did not know the reason the ladder had “kicked out” and also stated that the ladder did not slide, but instead it had “kicked out” to the side. See Keddie dep. at 65-71. There is no evidence presented to the court by the plaintiff that proves a causal relationship between the alleged defect and the subsequent accident. See Glidden v. Maglio, 430 Mass. 694, 696 (2000) (summary judgment proper when workers injured in scaffolding accident could present no evidence as to reason for collapse). Those present at the accident are unable to determine or even hypothesize as to why the ladder “kicked” out. The jury cannot draw a causal link for which there has been no evidence produced. There is no testimony from individuals who witnessed the accident, no testimony from experts as to the cause of the ladder slipping and finally no visible evidence of any defect or causation provided.[1]
ORDER
For the foregoing reasons, Pauplis’s Motion for Summary Judgment is ALLOWED.

During argument at the motion hearing, plaintiffs counsel indicated that no expert testimony regarding the nature of the defect was to be presented at trial. While admitting that the photos submitted of the rubber foot pads of the ladder didn’t readily disclose a defect, counsel argued that jurors would be able to determine the nature of the defect themselves by sense of touch. The court renders no opinion whether this would constitute admissible evidence at trial. The court does state that this tactile evidence has not been presented in opposition to this motion.